**LEXERO LAW**
Eric Menhart, Esq. (Admitted *Pro Hac Vice*)
80 M St SE Ste 100
Washington, DC  20003
Telephone: (855) 453-9376
Facsimile: (855) 453-93760
Eric.Menhart@Lexero.com

Attorneys for Defendants
DANIEL LAMBERT
8781877 CANADA INC. d/b/a BUSINESS ARCHITECTURE INFO

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BUSINESS ARCHITECTURE GUILD, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL LAMBERT, an individual, and 8781877 CANADA INC. d/b/a BUSINESS ARCHITECTURE INFO, a Canadian corporation,<br><br>Defendants. | Case No. 5:23-CV-009440-BLF<br><br>**DECLARATION OF ERIC MENHART IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Before:     Hon. Beth Labson Freeman<br>Courtroom:  3<br>Hearing Date: January 2, 2025<br>Time:        9:00 a.m. |

Case No. 5:23-CV-009440-BLF
**MENHART DECL. IN OPPOSITION TO MOTION TO CONFIRM AWARD**

I, Eric Menhart, declare as follows:

1. I am an attorney duly admitted to practice law in the District of Columbia. I am also admitted *pro hac vice* in the present matter. I am counsel of record for Defendants in the above-captioned action.

2. I make this declaration based on my personal knowledge of the facts set forth herein and in opposition to Plaintiff's Motion to Confirm Arbitration Award.

3. On August 22, 2023, Defendants submitted their Answer and Counterclaims in the AAA to arbitrator Diana Kruze of the American Arbitration Association. The document included a breach of contract claim related to the License Agreement, which by its terms should never have been the subject of a Complaint in this Court. Defendants also asserted an intentional interference claim based on Plaintiff's successful and intentional disruption with Defendants' business relationship with an entity known as EA Partners, along with a misrepresentation claim under the DMCA based on Plaintiff's hasty issuance of numerous takedown claims without proper investigation of whether the alleged infringement was protected by the fair use doctrine.

4. Attached hereto as Exhibit A is a true and correct copy of Defendants' Answer and Counterclaims.

5. After the initial pleadings, the arbitration continued. A two-day hearing was held on April 25-26, 2024.

6. On June 21, 2024, Defendants submitted their Post-Hearing Brief to Arbitrator Kruze of the American Arbitration Association. Attached hereto as Exhibit B is a true and correct copy of Defendants' Post-Hearing Brief.

7. The single arbitrator hearing the case, Ms. Diana Kruze, subsequently issued two awards. The first, an interim award, which has been attached as Exhibit 1 to the Declaration of J. Michael Keyes, held in Plaintiff's favor on every single one of its claims and every single one of Defendants' counterclaims. That interim award set Plaintiff's damages at $157,748.01. The second, a final award, which is attached as Exhibit 2 to the Declaration of J. Michael Keyes, handed Plaintiff an eye-watering $765.493.40 in attorney fees and costs.

**MENHART DECL. IN OPPOSITION TO MOTION TO CONFIRM AWARD**

8. The arbitrator rejected Defendants' argument that the language in a contract is to be construed against the drafter of that contract, whom all parties agree was Plaintiff. The arbitrator also rejected Defendants' argument that the Contributor Agreement's specific language permitted Mr. Lambert to make "fair use" of Plaintiff's materials. Finally, the arbitrator rejected the black-letter law argument made by Plaintiffs that the likelihood of confusion analysis in trademark law requires evidence of confusion for liability to attach.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed on November 12, 2024.

By: *[signature]*
Eric Menhart
Attorney for Defendants