**LEXERO LAW**
Eric Menhart, Esq. (Admitted *Pro Hac Vice*)
80 M St SE Ste 100
Washington, DC 20003
Telephone: (855) 453-9376
Facsimile: (855) 453-93760
Eric.Menhart@Lexero.com

Attorneys for Defendants
DANIEL LAMBERT
8781877 CANADA INC. d/b/a BUSINESS ARCHITECTURE INFO

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BUSINESS ARCHITECTURE GUILD, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL LAMBERT, an individual, and 8781877 CANADA INC. d/b/a BUSINESS ARCHITECTURE INFO, a Canadian corporation,<br><br>Defendants. | Case No. 5:23-CV-009440-BLF<br><br>**COURTESY NOTICE OF APPLICABLE CASE LAW RE INTERLOCUTORY APPEAL OF ANY DENIAL OF MOTION TO WITHDRAW**<br><br>Before:   Hon. Beth Labson Freeman |

Undersigned counsel hereby files this Notice, as a courtesy to the Court, all parties, and for purposes of creating a record in this case, advising as to the availability of an interlocutory appeal in cases where a Motion to Withdraw is denied.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Undersigned counsel recently a Motion to Withdraw. *See* Dkt. #32. On November 14, 2024, the Court held a video conference hearing, a transcript of which will be requested from the court reporter shortly and available on the docket upon receipt. The minutes reflect, among other things, the Court's statements that the pending Motion to Withdraw would likely be denied. The record also reflects that undersigned expressed disagreement with the Court's positions. Undersigned also represented specific financial hardship, consistent with the text of the Motion.

The record also reflects that the Court knew of undersigned's financial hardship on September 10, 2024, yet affirmatively ordered undersigned to perform additional briefing, at substantial expense, on November 1, 2024. *See* Dkt. #45. Undersigned complied with the Court's Order and incurred the costs of doing so. *See* Dkt. #49.

This instant Notice follows, as a courtesy, so that the Court will be aware of the strong likelihood of an interlocutory appeal if the Motion to Withdraw is denied. While an appeal is available, ***the undersigned strongly prefers to appropriately resolve this matter at the trial level***. This Notice contains relevant case law for the Court's convenience.

### II. APPLICABLE LAW

**A. Interlocutory Appeal is Almost Certainly Appropriate**

Appellate Courts have "jurisdiction of appeals from all final decisions of the district courts of the United States" under 28 U.S.C. § 1291. *See Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016). Moreover, there is a "small class" of cases and issues that are considered "final" even when they do not end the litigation. *Id.* (*citing Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949)). In order to fit within the Cohen exception, an order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be

effectively unreviewable on appeal from a final judgment." *Id.* (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)).

Furthermore, and importantly, "***every circuit court to consider the issue has concluded that the denial of a motion to withdraw is an appropriate basis for an interlocutory appeal.***" *Id.* (emphasis added) (*citing Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 293 (3d Cir. 2014); *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009); *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 539-40 (7th Cir. 2002); *Lieberman v. Polytop Corp.*, 2 Fed. App'x 37, 38 (1st Cir. 2001); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)).

Moreover, the District of Columbia Court of Appeals has also noted that "the major treatise writers appear to endorse this holding." *See Galloway v. Clay*, 861 A.2d 30, 33 (D.C. 2004) (*citing* 19 MOORE'S FEDERAL PRACTICE § 202.07 [1] (3d ed. 2004) at 202-29 et seq.; 15B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.21 (2d ed. & Supp. 2004) at 40-41)).

Undersigned is of the current belief that this is an issue of first impression in the Ninth Circuit, though research is currently being conducted. If this is an issue of first impression for the Ninth Circuit, there is an extraordinarily strong likelihood that the Ninth Circuit will follow every other circuit court in finding that an interlocutory appeal is appropriate.

### B. Granting the Withdrawal is Almost Certainly Appropriate

In addition to the strong likelihood that the Ninth Circuit will consider an interlocutory appeal, the record also reflects that every single circuit court addressing this issue on appeal has allowed the underlying attorney to withdraw, or, at a minimum, allowed the appeal to move forward.

- The First Circuit stated that it would "reverse the lower court's decision denying appellant [attorney's] motion to withdraw." *Lieberman*, 2 F. App'x at 38.
- The Second Circuit held that "we reverse the denial of appellant's motion for withdrawal." *Whiting*, 187 F.3d at 322.

- The Third Circuit held that it would "affirm the District Court's order granting [law firm's] motion to withdraw as counsel." *Ohntrup*, 760 F.3d at 297.
- The Sixth Circuit held that it would "reverse the district court's order denying [attorney's] motion to withdraw." *Brandon*, 560 F.3d 539 (6th Cir. 2009).
- The Seventh Circuit held that "the district court's order denying Cherry's motion to withdraw was an abuse of discretion and is REVERSED." *Fid. Nat'l Title Ins. Co.*, 310 F.3d at 541 (emphasis in original).
- The Eighth Circuit "reversed and remanded to the district court" the lower court's denial of a motion to withdraw. *Sanford*, 816 F.3d at 550.
- The District of Columbia Circuit held that "Since an order denying leave to withdraw satisfies that doctrine, we hold, therefore, that Galloway is permitted to proceed with his appeal in this case at this time." *Galloway*, 861 A.2d at 36.

As noted, this Notice is a courtesy to the Court. **Undersigned strongly prefers to resolve this matter at the trial level and believes that an appeal would not be in the interest of justice or judicial efficiency**. However, to the extent any forthcoming Order is plainly inconsistent with the demonstrated legal precedent, an interlocutory appeal could, and likely would, be pursued.

* * *

Respectfully submitted,

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
* *Admitted Pro Hac Vice*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via ECF and all parties of record were automatically notified via that system.

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
* *Admitted Pro Hac Vice*