United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BUSINESS ARCHITECTURE GUILD, <br> Plaintiff, <br> v. <br> DANIEL LAMBERT, et al., <br> Defendants. | Case No. 23-cv-00944-BLF <br><br> **ORDER DENYING MOTION TO WITHDRAW AS COUNSEL WITHOUT PREJUDICE** <br><br> [Re: ECF No. 32] |

Before the Court is counsel for Defendants' Motion to Withdraw as Counsel. ECF 32. The Court has considered the moving and responding papers, the relevant portions of the record, and arguments made during a hearing on the Motion to Withdraw as Counsel on November 14, 2024. For the reasons described below, the Court DENIES the Motion to Withdraw as Counsel WITHOUT PREJUDICE.

**I.  BACKGROUND**

On March 2, 2023, Business Architecture Guild ("Plaintiff") initiated this action against Defendants Daniel Lambert ("Lambert") and 8781877 Canada Inc. d/b/a Business Architecture Info. ("BAI") (collectively "Defendants"). ECF 1. On July 17, 2023, the Court granted the parties' joint stipulation to stay the instant proceedings pending arbitration. ECF 26. The parties have been engaged in an arbitration before the American Arbitration Association ("AAA") since July 2023. *See* ECF 30. On July 29, 2024, the Arbitrator issued an Interim Award and requested additional briefings relating to an award of attorneys' fees and costs. *See id.* On August 26, 2024, the parties filed a joint status update indicating that the parties anticipate that the arbitrator will issue a Final Award in due course following the completion of the ongoing briefing on the award of attorneys' fees and costs. *See id.* On September 10, 2024, Defendants' counsel, Eric Menhart ("Counsel

1  Menhart"), filed a Motion to Withdraw as Counsel requesting to withdraw himself and his law firm,
2  Lexero Law, as counsel for Defendants. ECF 32 ("Motion"). On September 11, 2024, Counsel
3  Menhart filed an Errata to correct the filing of his Motion. ECF 34 ("Errata"). The Court notes that
4  neither the Motion nor the Errata was accompanied by a Declaration. *See* ECF 32, 34. On September
5  24, 2024, Plaintiff filed a response to Counsel Menhart's Motion. ECF 37. On September 25, 2024,
6  Counsel Menhart filed a reply. ECF 38. The Court notes that the reply was again not accompanied
7  by a Declaration. *See id.* The Motion was initially set for hearing on January 16, 2025. *See* ECF 39.
8  The Court advanced the hearing to November 14, 2024. *See id.*

## II. LEGAL STANDARD

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Withdrawal of counsel is governed by the State Bar of California's standards of professional conduct. *In re Pers. Web Techs., LLC et al., Pat. Litig.*, No. 18-MD-02834-BLF, 2022 WL 2290592, at *3 (N.D. Cal. June 24, 2022) (citation omitted). Accordingly, an attorney is required to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)" before withdrawing. Cal. R. Prof. Conduct 1.16(d).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *In re Pers. Web Techs., LLC et al., Pat. Litig.*, 2022 WL 2290592, at *3 (citation omitted).

## III. DISCUSSION

As the basis for the Motion, Counsel Menhart merely cites four provisions of the American Bar Association ("ABA") Model Rules of Professional Conduct. *See* ECF 32, ECF 34-1. In its

2

response, Plaintiff contends that the Motion "does not contain any factual information" or "the reasons for seeking withdraw." ECF 37 at 4. Additionally, Plaintiff argues that it would be highly prejudiced because it has been engaged in the arbitration proceeding for 14 months and allowing the withdrawal will delay its relief. *See id.* Lastly, Plaintiff contends that defendant BAI, a corporation, cannot proceed without counsel according to Local Rule 3-9(b). *See id.* In his reply, Counsel Menhart states that he "would be highly prejudiced, financially and otherwise, if the representation were to continue." *See* ECF 38. The Court notes that Counsel Menhart did not provide any further explanation for the withdrawal or address any of Plaintiff's concerns in his reply. *See id.*

The Court finds that Counsel Menhart has not provided sufficient reasons to justify withdrawal as attorney. The Court finds that Counsel Menhart has not identified any facts or properly provided the reasons for his request to withdraw as attorney in his motion and reply papers. *See* ECF 32; ECF 34-1; ECF 38. The motion papers refer to a variety of grounds for withdrawal without any specificity. "In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California." *Optrics Inc. v. Barracuda Networks Inc.*, No. 17–cv–04977–RS, 2020 WL 1815690, at *2 (N.D. Cal. Feb. 28, 2020). Without proper citation to the correct legal standard or any factual information, explanation or declaration, Counsel Menhart's conclusory citation to four provisions of the ABA Model Rules of Professional Conduct does not meet this standard. *See id.*; *Penson & Co., LLC v. Cloudstyle Store*, No. 20-cv-05174-JST, 2024 WL 497156, at *2 (N.D. Cal. Feb. 8, 2024) (denying Motion to Withdraw as Counsel because the moving counsel has not provided any reason for the withdrawal); ECF 32; ECF 34-1; ECF 38. The Court notes that the deficiencies could have been mitigated had Counsel Menhart met and conferred with local counsel or addressed the issues raised by Plaintiff in the opposition.

Furthermore, Counsel Menhart's withdrawal is likely to prejudice other litigants, harm the administration of justice, and delay resolution of the case. Here, the parties have spent about 14 months in arbitration. *See* ECF 37 at 4. Indeed, the arbitrator has issued a Final Award and Plaintiff has filed its motion to confirm that award. *See* ECF 42. Without a replacement counsel, Local Rule 3-9(b) forbids defendant BAI, a corporation, to proceed unrepresented. *See* Local Rule 3-9(b) ("A

corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). In his reply, Counsel Menhart states that he "does not know Defendants' plan for future counsel." *See* ECF 38. Without a replacement counsel, Counsel Menhart's withdrawal would delay Plaintiff's relief and prejudice Plaintiff because the motion to confirm arbitration award cannot proceed. *See Penson & Co.*, 2024 WL 497156, at *2 (explaining granting withdrawal may delay the resolution of the case because the case is nearly resolved).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Counsel Menhart's Motion to Withdraw of Eric Menhart and Lexero Law as Counsel for Defendants is DENIED WITHOUT PREJUDICE to refile motion to withdraw.

Dated:  November 14, 2024

_____
BETH LABSON FREEMAN
United States District Judge