# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BUSINESS ARCHITECTURE GUILD,<br>Plaintiff,<br>v.<br>DANIEL LAMBERT, et al.,<br>Defendants. | Case No. 23-cv-00944-BLF<br><br>**ORDER GRANTING RENEWED MOTION TO WITHDRAW AS COUNSEL**<br><br>[Re: ECF 55] |

Before the Court is a Renewed Motion to Withdraw as Counsel filed by Defendants' counsel, Eric Menhart ("Counsel Menhart"). ECF 55. This time, Counsel Menhart has cited the correct legal standard and has supplied evidentiary support for the motion. *See id.* As such, the Renewed Motion to Withdraw as Counsel complies with local rules. *See Optrics Inc. v. Barracuda Networks Inc.*, No. 17–cv–04977–RS, 2020 WL 1815690, at *2 (N.D. Cal. Feb. 28, 2020) ("In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California."); Civil Local Rules 7-5; 11–4(a)(1); 11–5(a). The Renewed Motion to Withdraw as Counsel is GRANTED.

The Court cannot let two issues pass without being noticed.

First, Counsel Menhart has invoked the inflammatory and deeply offensive rhetoric of "slavery" to describe his unpaid work on Defendants' Opposition to Plaintiff's Motion to Confirm Arbitration Award. *See* ECF 55 at Pages 3-4; ECF 59 at Page 3. To the Court, this is more properly considered Counsel Menhart's professional responsibility. The Court notes that this situation was largely brought about by Counsel Menhart's own action. Counsel Menhart filed the Motion to Withdraw on September 10, 2024, and was assigned a hearing date of January 16, 2025. *See* ECF 32, 33. Counsel Menhart did not request an order shortening time to advance that hearing date.

However, once the Motion to Withdraw was fully briefed, on September 27, 2024, the Court *sua sponte* advanced the hearing date to November 14, 2024. *See* ECF 39. Over a month later, Plaintiff filed a Motion to Confirm Arbitration Award with opposition due on November 12, 2024. *See* ECF 42. Counsel Menhart did not request an extension of time to file the opposition. Noting that the hearing on the Motion to Withdraw was set after the due date of the opposition to the Motion to Confirm Arbitration Award, the Court issued an order advising Counsel Menhart that it "expects Defendants' counsel to timely and thoroughly file the pending response to Plaintiff's Motion to Confirm Arbitration Award." ECF 45. Counsel Menhart responded professionally by filing a timely and thorough opposition brief. *See* ECF 49.

Second, on at least two occasions, Counsel Menhart demanded the Court to comply with his withdrawal request under the explicit threat of appellate action. *See* ECF 50, Courtesy Notice of Applicable Case Law re Interlocutory Appeal of Any Denial of Motion to Withdraw, at Page 2 ("Undersigned counsel hereby files this Notice, as a courtesy to the Court, all parties, and for purposes of creating a record in this case, advising as to the availability of an interlocutory appeal in cases where a Motion to Withdraw is denied."); *id.* at Page 4 ("**Undersigned strongly prefers to resolve this matter at the trial level and believes that an appeal would not be in the interest of justice or judicial efficiency.**") (emphasis in original); ECF 55 at Page 3 ("The Court is advised that **undersigned intends to file a Notice of Appeal no later than Friday, December 13, 2024, if this instant Renewed Motion to Withdraw has not been granted by close of business on Thursday, December 12, 2024"**) (emphasis in original); ECF 59 at Page 2 (same). The Court unequivocally respects the parties' right to appeal its decisions. But the Court cannot accept attempts to intimidate or manipulate judicial proceedings through ultimatums.

**IT IS SO ORDERED.**

Dated: December 13, 2024

_____
BETH LABSON FREEMAN
United States District Judge